UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANICA A. BARBOSA,

Plaintiff,

v.

VENTURA COUNTY, et al.,

Defendants.

Case No. 2:26-cv-10403-SSS-KES

ORDER ACCEPTING REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, along with the Report and Recommendation of the United States Magistrate Judge [Dkt. 17]. Further, the Court has engaged in a de novo review of those portions of the Report and Recommendation to which objections [Dkt. 23] have been made.

The Report recommends the dismissal of the Complaint, in which Plaintiff purports to sue several individuals who participated in her civil action involving Plaintiff and her former domestic partner in the Ventura County Superior Court, including several state court judges. [Dkt. 17]. Plaintiff's objections to the Report do not merit a different outcome.

Plaintiff objects that her Complaint satisfies the requirements of Rule 8 of the Federal Rules of Civil Procedure. [Dkt. 23 at 6-9]. The Court agrees with the Report that Plaintiff's claims should be dismissed without leave to amend because they are barred by multiple types of immunity, seek to sue private individuals for civil rights violations, raise frivolous allegations such as racketeering activity by the individuals involved in her state civil action, or seek to revoke the naturalization of another person. "Such dismissals need not always be with notice and opportunity to be heard if the claim is obviously frivolous, or when the Plaintiff could not possibly win relief." [Dkt. 17 at 20].

Plaintiff objects that, as a private attorney general, she may seek to revoke the naturalization of her former domestic partner. [Dkt. 23 at 9-10]. As the Report explained, only the United States can pursue denaturalization. [Dkt. 17 at 24]. Plaintiff's objection cites no authority suggesting otherwise.

Plaintiff objects that her claims against the judges are not bared because she is challenging non-judicial actions. [Dkt. 23 at 11-13]. On the contrary, Plaintiff's Complaint challenges only judicial acts, such as rulings on motions, setting hearing dates, and managing dockets. [Dkt. 17 at 8-9; *see also* Dkt. 1 at 16-18, 20, 22-23, 25-26, 32, 34-35, 39-41, 54-55]. "Plaintiff has not alleged that [the judges] were acting outside the scope of their jurisdiction. Nor has Plaintiff alleged any non-judicial acts." [Dkt. 17 at 9]. Plaintiff's objection that she is suing the state court judges for "criminal violations" is unsupported by her Complaint and frivolous. [Dkt. 23 at 12].

Plaintiff objects that the Report appears to have been generated by artificial intelligence. [Dkt. 23 at 13-17]. The objection is overruled as unsupported and frivolous.

Plaintiff objects that she has stated a plausible claim against the Commission for Judicial Performance. [Dkt. 23 at 17-25]. As the Report explained, the Commission, a state agency, has sovereign immunity under the Eleventh

Amendment. [Dkt. 17 at 11-12]. Plaintiff suggests that the Commission can be sued for municipal liability under *Monell v. Dept. of Soc. Servs*., 436 U.S. 658 (1978). [Dkt. 23 at 17-25]. But because the Commission is a state agency, it cannot be sued under a *Monell* theory. *See A.M. by and through Mixon v. Fresno Unified School District*, 2017 WL 6209389, at *5 (E.D. Cal. Dec. 8, 2017) ("*Monell* liability does not extend, however, to state agencies.").

Plaintiff objects that she may bring civil rights claims against private individuals. [Dkt. 23 at 25-28]. As the Report explained, Plaintiff failed to show that Defendants, private attorneys and private parties who participated in the Ventura County action, were state actors. [Dkt. 17 at 17-18]. Plaintiff's objection, which only cites boilerplate law about state action, raises no allegations suggesting otherwise. [Dkt. 23 at 25-28].

The Court accepts the findings, conclusions, and recommendations of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that Judgment be entered (1) dismissing Plaintiff's federal claims with prejudice, and (2) dismissing Plaintiff's state law claims without prejudice.

DATED: November 2, 2026

SUNSHINE SUZANNE SYKES
UNITED STATES DISTRICT JUDGE